IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MEDICAL COMPONENTS, INC., and MARTECH MEDICAL PRODUCTS, INC. <br><br> *Plaintiffs*, <br><br> v. <br><br> OSIRIS MEDICAL INC., <br><br> *Defendant*. | Civil Action No. 3:15-cv-00305 <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,125,398**

Plaintiffs Medical Components, Inc. ("MedComp") and Martech Medical Products, Inc. ("Martech") (collectively, "Plaintiffs"), for their complaint against Defendant Osiris Medical Inc. ("Defendant" or "Osiris"), allege as follows:

**NATURE OF THE ACTION**

1. This is an action seeking a declaratory judgment that Plaintiffs do not infringe any claim of U.S. Patent No. 7,125,398 ("the '398 patent"), a copy of which is attached hereto as Exhibit A. Defendant Osiris purports to be the owner of the '398 patent.

2. As such, this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

**THE PARTIES**

3. Plaintiff Medical Components, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, having a place of business at 1499 Delp Drive, Harleysville, Pennsylvania 19438.

1

4. Plaintiff Martech Medical Products, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, having a place of business at 1500 Delp Drive, Harleysville, Pennsylvania 19438.

5. Upon information and belief, Defendant Osiris Medical Inc. is a company organized and existing under the laws of the State of Delaware, having a place of business at 1144 Vista De Oro Drive, El Paso, Texas 79935-4904.

6. Upon information and belief, Mr. Raul Garcia, Jr. ("Mr. Garcia") is the President of Osiris.

## JURISDICTION AND VENUE

7. This is an action seeking a declaratory judgment under 28 U.S.C. §§ 2201-02.

8. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq*.

9. Defendant is subject to general and specific personal jurisdiction in this judicial district based on its purposeful, systematic, and continuous contacts with this state, including having a place of business in El Paso, Texas.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391, because Defendant is subject to personal jurisdiction in this district, resides in this district, and/or transacts affairs in this district, including having a place of business in El Paso, Texas.

## BACKGROUND

11. The '398 patent issued on October 24, 2006, from an application filed April 30, 2003, and lists Raul Garcia, Jr. on its face as the sole inventor.

12. MedComp and Osiris were parties to a patent licensing agreement ("PLA"), purporting to convey a license to the '398 patent from Osiris to MedComp. A copy of the PLA is attached hereto as Exhibit B.

13. The PLA was executed by Osiris and MedComp on December 19 and 20, 2011, respectively (Ex. B at 10), and was for a stated period of three years. *Id.* at ¶ 9(a). As such, by its terms, the PLA expired no later than December 20, 2014.

14. The PLA recited a grant of a non-exclusive, non-assignable license to use the '398 patent for the purpose of manufacturing, advertising, and selling certain "Product" in the U.S. and abroad, upon certain terms and conditions. *Id.* at ¶ 3(a).

15. The PLA defined "Product" as follows:

> "Product" shall encompass the needle guard to be manufactured under this License by Licensee or Licensee's manufacturer, arising under the medical needle guard as described in the Patent and the product design known as the Huber Safety Infusion Set provided to Licensee by Licensor. Product only includes devices that would infringe the Patent.

*Id.* at ¶ 1(d).

16. The PLA also contained a section entitled "New Product," the first subsection of which read as follows:

> If and when Licensee applies for and receives FDA approval for a CT Huber 510k product during the Term of this Agreement, then such product shall be considered to be a "Product" for purposes of this Agreement during its Term so long as such product to be manufactured would infringe any claim of the Patent.

*Id.* at ¶ 8(a).

17. MedComp initially attempted to contract with a third-party vendor to have a first CT Huber needle product manufactured. This was an arrangement contemplated by Osiris.

3

However, this manufacturing attempt proved unsuccessful, and MedComp was unable to obtain a commercially-saleable product.

18.     Aside from that first CT Huber needle product, MedComp contracted with Martech to design and develop a different CT Huber needle product for MedComp ("the MedComp product").

19.     After the expiration of the PLA, Osiris (through counsel) sent MedComp a letter dated July 8, 2015, a copy of which is attached as Exhibit C.  In that letter, Osiris asserted that it was owed a certain sum of money pursuant to the PLA, and further asserted its entitlement to "be compensated for any new product development pursuant to paragraph 8" of the PLA.  Ex. C at 1.

20.     In the July 8, 2015 letter, Osiris also demanded a "full audit and disclosure of the financial books and records of MedComp regarding its sales of the CT Huber, it's [sic] efforts to obtain FDA 510k approval [sic] this product and any new products derived from the efforts of Mr. Garcia, in whole or in part." *Id*.

21.     In a telephone conversation on September 30, 2015, Mr. Garcia accused MedComp of infringing the '398 patent.

22.     On October 13, 2015, Mr. Garcia conducted an "audit" of certain categories of MedComp documents, as requested.  At this audit, Mr. Garcia once against accused MedComp of infringing the '398 patent.

## COUNT I
**(Declaratory Judgment for Non-Infringement of U.S. Patent No. 7,125,398)**

23.     Plaintiffs incorporate and re-allege the allegations set forth in the preceding paragraphs as though fully stated herein.

24. Through its communications and actions and those of its representative Mr. Garcia, Osiris has accused MedComp and its manufacturer Martech of infringing the '398 patent.

25. Further, through its accusations that MedComp and/or Martech have developed and/or sold a new "Product" as defined in the PLA, Osiris has effectively charged MedComp and Martech of infringing the '398 patent.

26. MedComp does not now nor has it ever infringed any valid claim of the '398 patent, directly or indirectly. MedComp has not contributed to nor induced infringement of the '398 patent. MedComp denies any and all claims of liability for alleged patent infringement.

27. Martech does not now nor has it ever infringed any valid claim of the '398 patent, directly or indirectly. Martech has not contributed to nor induced infringement of the '398 patent. Martech denies any and all claims of liability for alleged patent infringement.

28. The MedComp product, designed and developed by Martech, does not infringe any valid claim of the '398 patent.

29. Osiris' accusations of patent infringement have created adverse legal interests between Osiris, and MedComp and/or Martech.

30. The issue of (non)infringement of the '398 patent represents a substantial controversy between Osiris, and MedComp and/or Martech.

31. Osiris' accusations have placed MedComp and/or Martech in reasonable apprehension of a lawsuit.

32. Based on the course of conduct and relationship between the parties, the adverse legal interests between Osiris, and MedComp and/or Martech, are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

33. Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgment is necessary to confirm that MedComp and/or Martech do not infringe, directly or indirectly, any claim of the '398 patent.

34. Osiris' actions are ongoing and continue to inflict irreparable harm upon MedComp and/or Martech for which there exists no adequate remedy at law.

35. As such, MedComp and Martech request that this Court enter an order declaring that neither MedComp nor Martech has ever infringed any claim of the '398 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs MedComp and Martech respectfully request that judgment be entered in their favor, and pray that the Court grant the following relief:

A. A declaration that neither MedComp nor Martech infringes, either directly or indirectly, any valid and enforceable claim of the '398 patent, either literally or under the doctrine of equivalents;

B. A declaration that Osiris and its officers, agents, employees, representatives, counsel, and all persons in active concert or participation with any of them, directly or indirectly, be enjoined from threatening or charging infringement of, or instituting or continuing any action for infringement of the '398 patent against MedComp and/or Martech;

C. Declaration that this is an exceptional case under 35 U.S.C. § 285;

D. Awarding Plaintiffs their costs, expenses and reasonable attorneys' fees, and pre- and post-judgment interest on any money judgment; and

E. Granting such other and further relief as this Court deems just and proper.

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all issues and claims so triable.

Dated:  October 19, 2015	Respectfully submitted,

*/s/ Gilbert Andrew Greene*

Gilbert A. Greene
State Bar No. 24045976
James G. Warriner
State Bar No. 24070813
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Tel: 512.474.5201
Fax: 512.536.4598
bert.greene@nortonrosefulbright.com
jim.warriner@nortonrosefulbright.com

Alfred Zaher (*Of Counsel*)
Maryellen Madden (*Of Counsel*)
BUCHANAN INGERSOLL & ROONEY P.C.
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
alfred.zaher@bipc.com
maryellen.madden@bipc.com
Telephone:  (215) 665-8700
Facsimile:  (215) 665-8760

Ken Slavin
KEMPSMITH LAW
221 N. Kansas | Suite 1700
El Paso, Texas 79901
ken.slavin@kempsmith.com
Telephone: (915)-546-5360
Facsimile:  (915)-546-5360

*Counsel for Plaintiffs*
*Medical Components, Inc., and*
*Martech Medical Products, Inc.*