# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **MEDICAL COMPONENTS,** | § | |
| **INC. and MARTECH** | § | |
| **MEDICAL PRODUCTS,** | § | |
| **INC.** | § | |
| **Plaintiffs,** | § | |
| | § | **EP-15-CV-305-PRM** |
| **v.** | § | |
| | § | |
| **OSIRIS MEDICAL, INC.,** | § | |
| **and RAUL GARCIA, JR.,** | § | |
| **Defendants.** | § | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

On this day, the Court considered two separate motions to

dismiss:

- Defendant Raul Garcia, Jr.'s "Motion to Dismiss First Amended Complaint (Document 63) Pursuant to Rule 12(b)(1) and 12(b)(6)" (ECF No. 70) [hereinafter "Garcia Motion"], filed on April 21, 2016;[1]

  - Plaintiffs Medical Components, Inc. ("Medcomp") and Martech Medical Products, Inc.'s ("Martech") "Response to Motion of Defendant Raul Garcia, Jr., to Dismiss the First Amended Complaint" (ECF No. 73) [hereinafter "Response to Garcia Motion"], filed on May 5, 2016;

---

[1] Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

      o  Defendant Garcia's "Reply Brief . . . to Plaintiff's Opposition to Defendant's Motion to Dismiss First Amended Complaint" (ECF No. 74) [hereinafter "Garcia Reply"], filed on May 12, 2016;

- Defendant Osiris Medical, Inc.'s ("Defendant Osiris") "Motion to Dismiss Plaintiff Medical Component, Inc.'s Counterclaim for Failure to Comply with Scheduling Order (ECF [No.] 36) and for Failure to State a Claim Pursuant to FRCP 12(B)(1) [sic] and 12(b)(6)" (ECF No. 72) [hereinafter "Osiris Motion"], filed on May 4, 2016; and

      o  Plaintiff Medcomp's "Response . . . to Motion of Defendant Osiris Medical, Inc. to Dismiss Counterclaim" (ECF No. 78) [hereinafter "Response to Osiris Motion"], filed on May 18, 2016.

Defendant Garcia contends that the Court lacks jurisdiction to preside over Plaintiffs' declaratory judgment action because of justiciability concerns. Garcia Mot. 16. Alternatively, Defendant Garcia requests that the Court dismiss the action because Plaintiffs' have failed to state a claim upon which relief can be granted. *Id.*

Defendant Osiris argues that the Court should dismiss Plaintiff Medcomp's contractual-sublicensee counterclaim because it did not comply with the Court's Scheduling Order and has failed to state a claim. Osiris Mot. 5, 15. For the reasons discussed below, the Court will grant both motions to dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute concerning a patent license agreement ("PLA") involving Defendant Garcia's patented Huber needle—United States Patent No. 7125,398 ("the '398 Patent Needle"). First Am. Compl. for Declaratory J. of Non-Infringement of U.S. Patent No. 7125,398 1, Apr. 8, 2016, ECF No. 63 [hereinafter "Amended Complaint"].  Defendant Osiris granted Plaintiff Medcomp license to use the intellectual property rights to manufacture and sell the '398 Patent Needle.  Am. Compl. 3.

The PLA contained, among other provisions, a merger clause: "[Plaintiff Medcomp] makes no guarantees, representations, warranties, or promises regarding its sales activity of [the '398 Patent Needle] and shall in its sole discretion devote as much or as little (or none) of its time and resources to selling [the '398 Patent Needle]."  Unopposed Mot. for Leave to Am. Compl. Ex. B., at 21 [hereinafter "PLA Merger Clause"].  The PLA also acknowledged that Plaintiff Medcomp and Defendant Osiris "had the full opportunity to read and review this [PLA] prior to entering it, and to consult with an attorney or waive their right to do so."  PLA Merger Clause 21.

After the PLA expired, Defendant Osiris allegedly sent Plaintiff Medcomp a letter in which Defendant Osiris sought money for the PLA and also wanted compensation "for any new product development." *Id.* at 4. On two separate occasions—once on September 30, 2015, and on October 13, 2015—Defendant Garcia "accused [Plaintiff] Medcomp of infringing" upon the '398 Patent Needle. *Id.* at 5.

Plaintiffs Medcomp and Martech subsequently initiated the instant declaratory action seeking the Court's declaration that they did not infringe upon the '398 Patent Needle. *Id.* In turn, Defendant Garcia claims that Plaintiffs' declaratory judgment claim is premature raising justiciability concerns or, alternatively, fails to state a claim. Garcia Mot. 11, 14.

Additionally, Defendant Osiris filed its answer and counterclaims alleging, *inter alia*, that Plaintiff Medcomp breached the PLA. *See* First Am. Answer with Affirmative Defenses of Defs . . . and Counterclaims . . . to the First Am. Compl., Apr. 8, 2016, ECF No. 62 [hereinafter "Osiris Counterclaims"]. In the same vein, Plaintiff Medcomp filed its answer and asserted one counterclaim against Defendant Osiris. Answer to First Am. Counterclaims with Affirmative Defenses and Counterclaim

16, Apr. 22, 2016, ECF No. 71 [hereinafter "Medcomp Reply Counterclaim"].  Namely, Plaintiff Medcomp's Reply Counterclaim alleges that Defendant Osiris never had a contractual right to sublicense the '398 Patent Needle from Defendant Garcia ("the Sublicense Counterclaim").  Medcomp Reply Countercl. 16.  Thus, Plaintiff Medcomp seeks to offset or recover monies it paid to Defendant Osiris.  *Id.* at 16–17.

Presently, Defendant Osiris claims that Plaintiff Medcomp filed its Sublicense Counterclaim well after the Court issued its Scheduling Order, which set a deadline of February 19, 2016, to file any motions to amend or supplement pleadings.  Osiris Mot. 8; *see also* Scheduling Order 2, Feb. 16, 2016, ECF No. 37.  Defendant Osiris also asserts that Plaintiff Medcomp's Sublicense Counterclaim fails to state a claim.  Osiris Mot. 12.

## II.   LEGAL STANDARD

At the outset, the Court recognizes that Federal Circuit law governs case or controversy issues involving declaratory judgment determinations about patent infringement or validity.  *Adenta GmbH v. OrthoArm, Inc.*, 501 F.3d 1364, 1368 (Fed. Cir. 2007).

### A.  Motion to Dismiss For Lack of Subject-Matter Jurisdiction Standard of Review

Rule 12(b)(1) requires dismissal of a complaint for "lack of subject-matter jurisdiction" if the Court lacks statutory or constitutional power to adjudicate the case.  Federal courts are courts of limited jurisdiction which, without jurisdiction conferred by statute, lack the power to adjudicate claims.  *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

### B.  Motion to Dismiss For Failure to State a Claim Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Davila v. United States*, 713 F.3d 248, 255 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted), it must

6

state "more than labels and conclusions": "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, at this stage, the Court must determine whether the well-pleaded facts in Plaintiffs' Amended Complaint, taken as true and viewed in the light most favorable to Plaintiffs, are sufficient to "move [their] claim 'across the line from conceivable to plausible.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

## III.   DISCUSSION

### A.   Failure to State a Claim Upon Relief Can Be Granted Regarding Plaintiffs' Declaratory Judgment Claim

Until recently, a sample complaint for direct patent infringement, Form 18, was found in the Appendix of Forms to the Federal Rules of Civil Procedure. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (recognizing that Form 18 is sufficient to plead infringement); *Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 774 (S.D. Tex. 2013) (noting that Form 18 similarly applies in a non-infringement situation).

Form 18 is relevant because Federal Rule of Civil Procedure 84 previously stated that "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." *See* Fed. R. Civ. P. 84 (before the December 1, 2015 Amendments).  Form 18 permits a plaintiff to "not even identify which claims it asserts are being infringed." *In re Bill*, 681 F.3d at 1335.  In addition, Form 18 does "not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Id.*

Nevertheless, the December 1, 2015 amendments to the Federal Rules of Civil Procedure abrogated Form 18 in favor of the more stringent pleading requirements of Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment ("Rule 84 and the Appendix of Forms are no longer necessary and have been abrogated.").  The Supreme Court, when sending the proposed amendments to Congress, stated that they would be effective December 1, 2015, and would govern proceedings in civil cases filed after that date and "insofar as just and practicable, all proceedings then pending." *See* Supreme Court of the United States, http://www.supremecourt.gov/

orders/courtorders/frcv15(update)_1823.pdf (last visited July 11, 2016).

Plaintiffs filed the instant action on October 19, 2015, prior to

December 1, 2015—the effective date of the new amendments.

As a result, the new pleading requirements apply to this case only

if the Court finds that it is "just and practicable"—the Court does not

for two reasons.  *See id.*  First, Plaintiffs filed their amended Complaint

over five months after the abrogation of Rule 84.  *See* Am. Compl.

Second, Plaintiffs have failed to articulate any "just and practicable"

reasons why Form 18 should control in this proceeding.

Plaintiffs concede that they have merely "complied with Form 18

and that is enough." Resp. to Garcia Mot. 10.  The Court disagrees.

Although Plaintiffs have complied with Form 18's more lenient

standard, this standard no longer controls after December 1, 2015.  *See*

Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment.  Thus,

the Court will grant Defendant Garcia's Motion and dismiss Plaintiffs'

Amended Complaint without prejudice.[2]

---

[2] Because the Court will allow Plaintiff to replead in accordance with
the "the federal pleading standard articulated in *Bell Atlantic Corp. v.
Twombly*," *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.,
Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (citation omitted), the Court
need not address Defendant Garcia's Rule 12(b)(1) argument.

### B.   Plaintiff Medcomp's Filing of the Sublicense Counterclaim After the Scheduling Order

"A counterclaim-in-reply is a permissible pleading when it is a compulsory reply to a permissive counterclaim." *Feed Mgmt. Sys., Inc. v. Brill*, 518 F. Supp. 2d 1094, 1096 (D. Minn. 2007).  "If the plaintiff has a claim arising from the same transaction as the one involved in the defendant's counterclaim—a claim that would constitute a compulsory counterclaim under Rule 13(a)—the plaintiff must assert it in the reply or risk being barred from bringing a later action on it."  5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1188 (3d ed. 2010).

Rule 13 distinguishes between compulsory counterclaims—which "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim"—and permissive counterclaims—which are any other claims a party has against the opposing party.  Fed. R. Civ. P. 13.  Rule 13 also provides that "a *pleading* shall state as a counterclaim any" compulsory or permissive counterclaim.  *See id.* (emphasis added).

Here, Defendant Osiris filed its Answer and Counterclaims on April 8, 2016.  Osiris Countercl. 31.  Fourteen days later, Plaintiff filed its Answer and Counterclaim alleging that the Sublicense Counterclaim "arises out of the [PLA] transaction . . . that is the subject matter of"

Defendant Osiris's counterclaims.  *See* Fed. R. Civ. Pro. 13(a)(1)(A); *see also* Medcomp Reply Countercl 16.

Since Plaintiff Medcomp's Sublicense Counterclaim is directly related to the specific allegations raised in Defendant Osiris's PLA counterclaims, it is appropriate to permit the Sublicense Counterclaim to be raised in reply.  *See Weitz Co., LLC v. MH Wash.*, LLC, No. 06-0559-CVW-NKL, 2007 WL 1658677, at *2 (W.D. Mo. June 5, 2007) ("Since [plaintiff's] claim is directly related to the specific allegations raised in [defendant's] counterclaim, it is appropriate to permit them to be raised in reply.").

Although the Court's Scheduling Order required parties to amend their pleadings by February 19, 2016, the Court will permit Plaintiff Medcomp to bring the Sublicense Counterclaim in this instance concluding that "justice so requires."  *See* Fed. R. Civ. Pro. 15(a)(2). Defendant Osiris had filed the Osiris Counterclaims on April 8, 2016. *See* Osiris Countercl. 31.  As a result, Plaintiff Medcomp could not have filed its Sublicense Counterclaim in accordance with the Court's Scheduling Order deadline of February 2016.  Given that the Sublicense Counterclaim is a compulsory counterclaim—and Plaintiff Medcomp

would have been barred from bringing a later action on it—the Court

will permit Plaintiff Medcomp to raise it at this juncture.

## C.   Failure to State a Claim Upon Relief Can Be Granted Regarding Plaintiff Medcomp's Sublicense Counterclaim

"[T]he interpretation of patent license contracts is generally

governed by state law," which in this instance is Texas. *See Rhone*

*Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 284 F.3d 1323, 1328 (Fed.

Cir. 2002).

Pursuant to its Sublicense Counterclaim, Plaintiff Medcomp

alleges that Defendant Osiris never had a contractual right to

sublicense the '398 Patent Needle from Defendant Garcia.  Osiris Resp.

8.  Plaintiff Medcomp alleges that "[o]n information and belief, the

grant of a sublicense in the PLA was beyond the authority of

[Defendant] Osiris."  Medcomp Reply Countercl. 16.  Plaintiff Medcomp

suggests that the PLA "was induced . . . by fraud."  Resp. to Osiris Mot.

8 (quoting *Vigortone AG Prods., Inc. v. PM AG Prods., Inc.*, 316 F.3d

641, 644 (7th Cir. 2002)).

In response, Defendant Osiris asserts that the PLA's integration

clause bars such an inquiry.  An integration, or a merger, clause

12

"presumes all prior negotiations and agreements relating to the transaction have been merged into the contract, and it will be enforced as written and cannot be added to, varied, or contradicted by parol evidence." *ISG State Operations, Inc. v. Nat'l Heritage Ins. Co.*, 234 S.W.3d 711, 719 (Tex. App.—Eastland 2007, pet. denied). Nevertheless, an integration clause "does not bar an action to set aside a contract based on fraudulent inducement." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 336 n.7 (Tex. 2011).

A different type of provision—a disclaimer of reliance—can bar an action to set aside a contract based on fraudulent inducement. Texas law recognizes that "a party's disclaimer of reliance on representations, if the intent is clear and specific, can defeat claims for fraud, fraudulent inducement, and negligent misrepresentation." *Garza v. CTX Mortg. Co., LLC*, 285 S.W.3d 919, 927 (Tex. App.—Dallas 2009, no pet.). A disclaimer of reliance provision bars fraud, fraudulent inducement, negligent misrepresentation, and promissory estoppel claims because reliance is a necessary element of each of those claims. *See id.*

Under Texas law, the elements of a fraudulent inducement claim are the same as a simple fraud claim. *See Hamilton v. Segue Software,*

*Inc.*, 232 F.3d 473, 480 (5th Cir. 2000).  A plaintiff must establish "(1) a material representation; (2) which was false; (3) which was either known to be false when made or was asserted without knowledge of the truth; (4) which was intended to be acted upon; (5) which was relied upon; and (6) which caused injury." *Shaboon v. Duncan*, 252 F.3d 722, 735 (5th Cir. 2001) (applying Texas law).  "Reliance is an element of fraud." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997).  "Texas law does not require a plaintiff to show the reasonableness of its reliance on a misrepresentation to prove fraud. Rather Texas courts simply demand proof that the 'party acted in reliance upon the [false] representation.'" *Martin v. MBank El Paso*, *N.A.*, 947 F.2d 1278, 1280 (5th Cir. 1991) (alteration in original) (quoting *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex. 1990)).  Generally, it is a question of fact whether reliance is reasonable.  *Prize Energy Res., LP v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 584 (Tex. App.—San Antonio 2011, no pet.).

Yet, courts note that in adversarial relationships, courts can decide issues of justifiable reliance as a matter of law.  *See Valls v. Johanson & Fairless, LLP*, 314 S.W.3d 624, 635 (Tex. App.—Houston

14

2010, no pet.) ("[W]e disagree with the suggestion that a fact-finder must always decide whether a party's reliance on a misrepresentation was justified."); *Ortiz v. Collins*, 203 S.W.3d. 414, 422 (Tex. App.— Houston 2006, pet. denied) ("We hold that, as a matter of law, the parties' relationship remained adversarial, and thus any reliance by [plaintiff] on statements made by [defendants] during the negotiation process was unjustified and unreasonable.").

"Standard merger clauses, however, often contain language indicating that no representations were made other than those contained in the contract, without speaking to reliance at all." *Italian Cowboy Partners, Ltd.*, 341 S.W.3d at 334. "Pure merger clauses, *without* an expressed clear and unequivocal intent to disclaim reliance or waive claims for fraudulent inducement, have *never* had the effect of precluding claims for fraudulent inducement." *Id.* (emphasis added).

The PLA does contain an integration clause. PLA Merger Clause 21. Additionally, the PLA also includes a provision that acknowledges that the parties had the opportunity to review the PLA with legal counsel. *Id.* Still, nothing in that language suggests that the parties intended to disclaim reliance. *See Italian Cowboy Partners, Ltd.*, 341

15

S.W.3d at 336 (noting that parties "must use clear and unequivocal language" to disclaim reliance).  To be sure, the contract language was not clear or unequivocal about disclaiming reliance.  Notably, the term "rely" does not appear in any form in terms of relying on the other party's representations.

Thus, the Court finds that the integration clause—without the inclusion of a clear disclaimer of reliance provision—insufficient to set aside the PLA based on fraudulent inducement.  *See Italian Cowboy Partners, Ltd.*, 341 S.W.3d at 336 n.7.

Alternatively, Defendants argue that the Court should dismiss Plaintiff Mecomp's Sublicense Counterclaim for case for three reasons. First, Plaintiff Medcomp "fails to set forth any basis for jurisdiction." Osiris Mot 15.  Second, Plaintiff Medcomp does not outline a jurisdictional amount.  *Id.*  Third, Defendants asserts that Plaintiff Medcomp fails to state a claim.  *Id.*

First, Plaintiff Medcomp's basis for jurisdiction is the same as that for Defendant Osiris's PLA counterclaims—supplemental jurisdiction. If the Court can exercise exclusive jurisdiction over a patent matter, it can exercise supplemental jurisdiction over related state-law claims.

*See  Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 846 (Fed. Cir. 2009) (accused infringer's claim for a declaratory judgment that it had an ownership right in the asserted patent was a state-law claim over which a court could exercise supplemental jurisdiction).

Second, the jurisdictional amount of $75,000 is immaterial in a case involving federal question. *See Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc.*, 448 F.3d 825, 827 (5th Cir. 2006) (recognizing that the amount in controversy is irrelevant when a case arises under federal question jurisdiction).  Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and, more particularly, over "any civil action arising under any Act of Congress relating to patents," § 1338(a).   Here, Plaintiff Medcomp, along with Plaintiff Martech, brings this suit via the Declaratory Judgment Act by asserting that they did not infringe on the '398 Patent Needle.  *See* Am. Compl. 3.

Finally, the Court agrees with Defendant Osiris—Plaintiff Medcomp has failed to state a claim.  Despite the lenient Form 18

17

pleading standard, a non-patent claim must still pass the *Twombly*

pleading standard.  *See Seoul Laser Dieboard Sys. Co. v. Serviform*,

*S.r.l.*, 957 F. Supp. 2d 1189, 1200 (S.D. Cal. 2013) (noting that "Form 18

does not apply to claims for willful infringement").  "[T]he Rule 9(b)

standards require specificity as to the statements (or omissions)

considered to be fraudulent, the speaker, when and why the statements

were made, and an explanation why they are fraudulent."  *Plotkin v. IP*

*Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  Thus, a plaintiff must

plead fraud with particularity.  *See* Fed. R. Civ. P. 9(b); *see also*

*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (noting

that a plaintiff pleading fraud must set forth "the who, what, when, and

where . . . before access to the discovery process is granted" (alterations

omitted)).

Here, Plaintiff Medcomp alleges that Defendant Osiris

misrepresented its ability to sublicense the '398 Patent Needle.

Medcomp Reply Countercl. 16.  Plaintiff Medcomp bases its Sublicense

Counterclaim "[on] information and belief."  *See id.*  Given its

allegations, Plaintiff must set forth "the who, what, when, and where"

regarding Defendants purported fraudulent inducement.  *See Williams*,

112 F.3d at 178.  Presently, Defendant Osiris is left to surmise the specifics regarding this purported non-sublicense.  Therefore, the Court will grant Defendant Osiris's Motion and dismiss Plaintiff Medcomp's Sublicense Counterclaim without prejudice.

### D.   Osiris's Motion for Partial Summary Judgment

Given that the Court will allow Plaintiffs Medcomp and Martech to replead, Defendant Osiris's "Motion for Partial Summary Judgment . . . Dismissing Plaintiffs' First Amended Complaint with Prejudice for Lack of Subject Matter Jurisdiction under Article III, or, in the Alternative, for Administrative Dismissal without Prejudice of Plaintiffs' First Amended Complaint Pending PTO Initial Review of Plaintiffs' Pending Patent Aplications [sic]" (ECF No. 84) is denied without prejudice to refile, if necessary.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes a prior complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts the earlier pleading.").

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Raul Garcia, Jr.'s "Motion to Dismiss First Amended Complaint (Document 63) Pursuant to Rule 12(b)(1) and 12(b)(6)" (ECF No. 70) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Medical Components, Inc. and Martech Medical Products, Inc. are granted **LEAVE TO FILE** a Second Amended Complaint.  If they choose to do so, Plaintiffs' Second Amended Complaint shall be **FILED** on or before July 22, 2016.

**IT IS FURTHER ORDERED** that Defendants Osiris Medical, Inc. and Raul Garcia must **FILE** an answer or other responsive pleading to the Second Amended Complaint by no later than August 5, 2016.

**IT IS FURTHER ORDERED** that Defendant Osiris Medical, Inc.'s "Motion to Dismiss Plaintiff Medical Component, Inc.'s Counterclaim for Failure to Comply with Scheduling Order (ECF 36) and for Failure to State a Claim Pursuant to FRCP 12(B)(1) [sic] and 12(b)(6)" (ECF No. 72) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Medical Components, Inc. is granted **LEAVE TO FILE** a First Amended Reply Counterclaim.  If they choose to do so, Plaintiff's First Amended Reply Counterclaim shall be **FILED** on or before July 22, 2016.

**IT IS FURTHER ORDERED** that Defendants Osiris Medical, Inc. and Raul Garcia must **FILE** an answer or other responsive pleading to Plaintiff Medical Components, Inc.'s First Amended Reply Counterclaim by no later than August 5, 2016.

**IT IS FINALLY ORDERED** that Defendant Osiris Medical, Inc.'s "Motion for Partial Summary Judgment . . . Dismissing Plaintiffs' First Amended Complaint with Prejudice for Lack of Subject Matter Jurisdiction under Article III, or, in the Alternative, for Administrative Dismissal without Prejudice of Plaintiffs' First Amended Complaint Pending PTO Initial Review of Plaintiffs' Pending Patent Aplications [sic]" (ECF No. 84) is **DENIED WITHOUT PREJUDICE**.

**SIGNED** this **12th day** of **July, 2016**.

_____

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**