# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **MEDICAL COMPONENTS,** | § | |
| **INC. and MARTECH** | § | |
| **MEDICAL PRODUCTS,** | § | |
| **INC.** | § | |
| **Plaintiffs/Counter-** | § | |
| **Defendants,** | § | |
| | § | **EP-15-CV-305-PRM** |
| v. | § | |
| | § | |
| **OSIRIS MEDICAL, INC.,** | § | |
| **and RAUL GARCIA, JR.,** | § | |
| **Defendants/Counter-** | § | |
| **Claimants.** | § | |

## ORDER DENYING
## MEDCOMP'S MOTION FOR RECONSIDERATION

On this day, the Court considered Counter-Defendant Medical
Components, Inc.'s ("Medcomp") "Motion for Reconsideration" (ECF No.
131) [hereinafter "Motion"] , filed on January 9, 2017, and Counter-
Claimants Osiris Medical, Inc.'s ("Osiris") "Response . . . in Opposition
to Plaintiff's Motion for Reconsideration" (ECF No. 138) [hereinafter
"Response"], filed on January 18, 2017, in the above-captioned cause.
Medcomp requests the Court to reconsider its "Order Granting in Part
and Denying in Part Counter-Defendants' Motion for Summary

Judgment" (ECF No. 129) [hereinafter "Order"].[1]  For the reasons

discussed below, the Court will deny Medcomp's Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In its previous orders, the Court detailed the background in this

matter.  *See* Order 2–7.  Accordingly, a detailed recitation is not

included here.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a "motion

for reconsideration" by that name, and Medcomp did not provide a rule

of procedure under which it urges its Motion.  A court may reconsider

an interlocutory order pursuant to Federal Rule of Civil Procedure

54(b).  While the Court has authority to reconsider and reverse its

decision for any reason it deems sufficient, district courts consistently

utilize the standards of Federal Rule of Civil Procedure 59 to inform

their analysis of a reconsideration request.  *Sawqui v. Pride Cent. Am.,*

*LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010) (citing *Lavespere v. Niagara*

*Mack & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)); *Vladamir*

---

[1] The Order is also available on the Westlaw database.  *Med.*
*Components, Inc. v. Osiris Med., Inc.*, No. EP-15-CV-305-PRM, 2016 WL
8199684, at *2 (W.D. Tex. Dec. 29, 2016).

*Ltd. v. Pac. Parts Supply Co.*, No. SA–08–CV–819–XR, 2009 WL 4110288, at \*2 (W.D. Tex. Nov. 20, 2009).  To prevail on a Rule 59 motion, the movant must show at least one of the following:  "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).  Medcomp's Motion appears to be premised on the argument that reconsideration is necessary to correct an error of law or fact, or to prevent manifest injustice.

## III.  DISCUSSION

### A.  Breach of Express Covenant of Best Efforts – Damages

Medcomp argues that the Court failed to consider and address Osiris's alleged inability to prove damages when the Court denied summary judgment on the breach-of-contract claim.  Mot. 2.  Namely, Medcomp asserts that its Expert Witness calculated Osiris's damages as non-existent and that Osiris had purportedly achieved minimal sales.  Mot. 3–4.  Conversely, Osiris points to Medcomp's "own admissions" as "tangible provable best effort damages."  Resp. 2–5

3

"Under Texas law, the measure of breach-of-contract damages is 'just compensation for the loss or damage actually sustained.'" *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 482 (5th Cir. 2008) (quoting *Stewart v. Basey*, 245 S.W.2d 484, 486 (1952)). "A proper measure of damages in a breach of contract case is the loss of contractual profit." *Id.* at 482–83 (quoting *Interceramic, Inc. v. S. Orient R.R. Co.*, 999 S.W.2d 920, 928 (Tex. App.–Texarkana 1999, pet. denied.)). "In Texas, lost profit damages must be established with 'reasonable certainty.'" *Blase Indus. Corp. v. Anorad Corp.*, 442 F.3d 235, 238 (5th Cir. 2006) (quoting *Tex. Instruments Incorp. v. Teletron Energy Mgmt.*, 877 S.W.2d 276, 281 (Tex. 1994)). "Lost profit damages may not be based on evidence that is speculative, uncertain, contingent, or hypothetical." *Id.*

Rather, "[w]hen there are firmer reasons to expect a business to yield a profit, the enterprise is not prohibited from recovering merely because it is new." *Tex. Instruments*, 877 S.W.2d at 280. "Thus, in the case of an untested business seeking lost-profits damages, the inquiry should focus on the experience of the people involved in the enterprise, the nature of the business activity, and the relevant market." *Peterson*

*Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 65 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Medcomp argues that its Expert Witness, Stephen J. Scherf, calculated the damages as "zero." Mot. 4 (citing Pls.' Mot. for Summ. J. Ex. I, Aug. 31, 2016, ECF No. 114-2). Medcomp may certainly elect to introduce this evidence, which the jury would be allowed to consider and assign the weight and value it believes is justified. *See Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 874 (5th Cir. 2013) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

In response, Garcia may describe his level of expertise in the Osiris enterprise, the nature of Osiris's business activity, and possibly offer his opinion regarding damages. *See Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 213 (5th Cir. 1998). Again, the jury would be

allowed to consider and weigh the evidence before it. *See Wellogix, Inc.*, 716 F.3d at 874.[2]

Medcomp also asserts that Osiris "had achieved only minimal sales." Mot. 3 (citing Pls.' Mot. for Summ. J. Ex. D, at 22:14–22; 62:14–18). In his deposition, Osiris's owner, Raul Garcia, Jr., stated that he had sold no more than a hundred thousand dollars worth of his Huber needle and ceased selling his Huber needle once Osiris became "involved with the relationship with Medcomp." *See* Pls.' Mot. for Summ. J. Ex. D, at 22:14–22; 62:14–18. At trial, Garcia may arguably testify—from personal knowledge—what profits Osiris would have made but for Medcomp's alleged breach of the Best Efforts Provision. *See Hollywood Fantasy Corp.*, 151 F.3d at 213 (quoting *Naegeli Transp. v. Gulf Electroquip, Inc.*, 853 S.W.2d 737, 740 (Tex. App.—Houston [14th Dist.] 1993, writ denied) ("A witness may testify 'from personal

---

[2] Indeed, Osiris addresses the nature of its business activity by highlighting the testimony of Medcomp's Director of Sales and its President. *See e.g.,* Resp. of Def. Osiris Med. Inc., in Opposition to Pl.'s Med. Component, Inc.'s Mot. for Summ. J. Ex. 6, Sept. 14, 2016, ECF No. 120-6 (noting that Medcomp's President proposed "conservative" expansion goals by increasing the quantity of units in the Patent License Agreement from 325,000 in Year Three to 500,000 in prospective Year Four). Whether a fact-finder finds Osiris's evidence credible and convincing is a different question altogether.

knowledge as to what profits would have been.'"); *see also Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 737 (5th Cir. 2010) (permitting a business's president to testify as to the losses in income as a result of a hurricane); *see also Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) (holding that a corporation's director of risk management could testify to lost profits)).

Ultimately, the Court finds that fact-issues remain regarding whether Medcomp breached the Best Efforts Provision and the amount of damages, if any, to which Osiris may be entitled. *See* Order 17–23.

## B.   Breach of Express Covenant of Best Efforts – Reconciling Discretionary Clause

Medcomp argues that the Court must "reconcile[ ]" the Discretionary Clause with the Best Efforts Provision. Mot. 4. Medcomp contends that the Court "read out" the Discretionary Clause by employing the general/specific canon. *Id.* (citing *Matter of Pirani*, 824 F.3d 483, 494 (5th Cir. 2016) ("When contractual provisions arguably conflict, Texas courts employ canons of construction as tools to harmonize them . . . [which include] the interpretation of an agreement should not render any material terms meaningless." (citations omitted)).

7

Despite Medcomp's assertions, the general/specific cannon does not entail that the existence of a contradictory specific provision voids the general provision: "To eliminate the contradiction, the specific provision is construed as an *exception* to the general one." *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 132 S. Ct. 2065, 2071 (2012) (emphasis added). Therefore, the Court's use of the general/specific cannon did not "read out" the Discretionary Clause as Medcomp suggests, but instead the specific Best Efforts Provision provides an exception to the general Discretionary Clause. *See id.* Therefore, Medcomp's argument is without merit.

### C.   Breach of Express Covenant of Best Efforts – Notice and Opportunity to Cure

Finally, Medcomp argues that the Notice and Opportunity to Cure Provision prevails because: "[e]ither there is no breach . . . or, if a breach occurred, Medcomp was not afforded notice and opportunity to cure." Mot. 7.

Whether Osiris was aware of a breach of the Best Efforts Provision remains a fact issue. After Osiris would "forward sales leads and demand to know the status of the manufacturing process," as Osiris underscores and alleges, Medcomp's President would allegedly

8

"fabricate responses" to potential customers in emails—which Osiris would receive. *See* Resp. 6; *see e.g.,* Resp. of Def. Osiris Med. Inc., in Opposition to Pl.'s Med. Component, Inc.'s Mot. for Summ. J. Ex. 5, Sept. 14, 2016, ECF No. 120-5 ("[Osiris's Attorney]: And when you tell [potential customer] that '[Medcomp] cannot meet deliveries,' you are making a false statement to him, correct? [Medcomp President]: Yes."). The fact-finder must decide whether Osiris could or should have provided notice to Medcomp given Medcomp's purported "fabricate[d] responses." *See id.* Therefore, the Court will not grant summary judgment regarding the Best Efforts Provision.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Counter-Defendants Medical Components, Inc.'s "Motion for Reconsideration" (ECF No. 131) is **DENIED**.

SIGNED this ____24____ day of **February, 2017**.


_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

9